[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On February 7, 1992, the plaintiff, Richard Thibeault, filed a four count amended complaint against the defendants, Mark Industries and McClinch Equipment Corp. (hereinafter McClinch), seeking to recover for injuries he allegedly sustained at his jobsite while using a self-propelled elevating work platform designed, manufactured, distributed and sold by Mark Industries and distributed, sold or leased by McClinch. The first and second counts are product liability claims pursuant to General Statutes 52-572m et seq. against each of the defendants respectively. In the third and fourth counts, the plaintiff alleges that his injuries are the result of each of the defendants' reckless disregard for the safety of consumers, like the plaintiff, in that they each designed, manufactured, distributed and sold the product when they knew or should have known of the dangers of placing the product in the stream of commerce. CT Page 10686
On March 12, 1992, McClinch filed a motion to implead, pursuant to General Statutes 52-102a and Practice Book 117, Genovese DiDonno, Inc. (hereinafter Genovese), the plaintiff's employer. The court, Parker, J., granted McClinch's motion to implead on March 23, 1992 and thereafter, on April 9, 1992, McClinch filed a one count third-party complaint against Genovese, seeking indemnification for all or part of the plaintiff's claims against McClinch pursuant to the terms of a lease agreement between McClinch and Genovese.
On July 14, 1992, Genovese, the third-party defendant, filed a motion to strike the third-party complaint on the ground that the product liability act bars indemnification claims by third parties against employers who have paid workers' compensation benefits to plaintiffs. Pursuant to Practice Book 155, Genovese filed a memorandum of law in support of its motion. On October 2, 1992, McClinch, the third-party plaintiff, filed an "Objection to Third-Party Defendant's Motion to Strike."
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted Practice Book 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion; Blancato v. Feldspar,203 Conn. 34, 44, 522 A.2d 1235 (1987); and is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, 212 Conn. 138,146, 561 A.2d 432 (1989).
Genovese argues that McClinch's third-party action is barred by General Statutes 52-572r(d) because Genovese, as the plaintiff's employer, is immune under the exclusive remedy provisions of the workers' compensation act, General Statutes 31-284(a). McClinch argues that because it seeks indemnification from Genovese pursuant to a lease agreement, an independent legal relationship exists between CT Page 10687 McClinch and Genovese which will overcome the workers' compensation bar and thus the immunity provision of General Statutes 52-572r(d).
General Statutes 52-572r(d) provides:
 In any product liability claim for personal injury or death arising out of and in the course of employment subject to the provisions of sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a, brought against any third party, such third party may not maintain any action for indemnity against any person immune from liability.
(Emphasis added.)
"The third party may recover over against the employer whenever it can be said that the employer breached an independent duty toward the third party and thus acquired an obligation to indemnify the third party." 2A A. Larson, Workmens' Compensation Law 76.41. "The clearest exception to the exclusive-liability clause is the third party's right to enforce an express contract in which the employer agrees to indemnify the third party for the very kind of loss that the third party has been made to pay to the employee." Id., 76.42; see also Ferryman v. Groton, supra, 144-45.
McClinch has specifically alleged an indemnification claim pursuant to a contractual lease agreement between McClinch and the plaintiff's employer, Genovese. As such, the third party complaint would not be barred by the exclusivity provision of the workers' compensation act, General Statutes 31-284, because the employer's liability is predicated upon the alleged breach of a contractual agreement between the employer and the third party, and is not based on any duty that the employer owed to its employee. See Ferryman v. Groton, supra, 144; Cyphers v. Superior Valve Co., 3 CSCR 216, 218 (January 14, 1988, Flanagan, J.). If McClinch's claim against Genovese is not barred by the exclusivity provision of the workers' compensation act then Genovese is not "immune from liability" under General Statute 52-572r(d). Accordingly, CT Page 10688 because McClinch's third-party action is based upon an independent contractual relationship between McClinch and Genovese, Genovese is not immune from liability and Genovese's motion to strike McClinch's indemnification claim is denied.
Philip R. Dunn, J.